UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SARAH STERNS,<br><br>                        Plaintiff,<br><br>            v.<br><br>M MOSER ASSOCIATES LLC,<br><br>                      Defendant. | Case No.: 22-CV-5916<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Sarah Sterns, ("Plaintiff" or "Sterns") by and through her attorneys, Danny Grace PLLC as and for her Complaint in this action against M Moser Associates LLC ("Defendant" or "Moser") alleges upon personal knowledge and upon information and belief as to the matters as follows:

**NATURE OF THE CLAIMS**

1. This is an action for declaratory, injunctive, and equitable relief, as well as monetary damages to redress Defendant's unlawful employment practices against Plaintiff, including discriminatory and retaliatory treatment of Plaintiff in violation of the Americans with Disability Act of 1990, as amended by the ADA Amendments Act of 2008, 42 U.S.C. §§12101 et. Seq. ("ADA"); the New York State Human Rights Law, New York Executive Law §§ 290 et. Seq.

1

("NYSHRL"); and the New York City Human Rights Law, New York City Administrative Code §§8-101et. seq. ("NYCHRL").

2. Defendant, its owners, managers, and employees decided, unlawfully and recklessly, to treat Plaintiff in a derogatory and discriminatory manner based on her disability. After she engaged in a protected activity and requested a reasonable accommodation, Defendant retaliated and terminated Plaintiff absent any other cause.

3. Defendant's conduct was knowing, malicious, willful and wanton and showed a reckless disregard for Plaintiff, which has caused and continues to cause economic and non-economic damages, mental anguish and distress.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's civil rights under ADA pursuant to 42 U.S.C. §§ 12101 et. Seq.

5. This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. §1367 (a).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

7. Venue is proper in the United States District Court, Southern District of New York, pursuant to 28 U.S.C. §1391, because Defendants are headquartered and conduct business in this district and because a substantial part of the events or omissions giving rise to this action occurred in this district.

## PROCEDURAL REQUIREMENTS

8. Prior to the commencement of this action, Plaintiff filed a verified charge to the Equal Employment Opportunity Commission ("EEOC") on March 1, 2022, charging Defendant with unlawful discrimination in relation to Plaintiff's employment and arising out of the same facts alleged herein.

9. Plaintiff received a Right to Sue letter from the EEOC on April 19, 2022.

10. This Complaint has been filed within 90 days of Plaintiff's receipt of Right to Sue letter.

11. Contemporaneous with the commencement of this action, a copy of this Complaint was served on the New York City Commission on Human Rights and the Office of the Corporation Counsel of the City of New York, thereby satisfying the notice requirements of §§8-502 of the New York City Administrative Code.

12. Any and all other prerequisites to the filing of this suit have been met.

## PARTIES

13. Plaintiff is a former employee of Defendant and resides in, as well as is a citizen of, the State of New York.

14. At all relevant times, Plaintiff met and meets the definition of an employee and a qualified individual with a disability under applicable laws.

15. Plaintiff was hired by Defendant on March 2, 2020, and remained employed full-time, working at least 40 hours every week, and 1,250 hours in twelve months in the Southern District of New York, until her unlawful termination on or around August 13, 2021.

16. At all relevant times, Plaintiff met the definition of an "employee" under all applicable statutes.

3

17. Defendant Moser is a global architectural firm with offices in the Americas, Mainland China/Hong Kong/Taiwan, Southeast Asia, India, Europe, and Australia with an operational head office in New York City.

18. Defendant Moser provides a broad range of services including interior design, architecture, engineering and technology, cost and project management, and construction.

19. Defendant Moser maintains its principal place of business at 233 Broadway, Suite 2401, New York, New York 10279.

20. At all relevant times, Defendant was Plaintiff's direct employers.

21. At all relevant times, Defendant met the definitions of "employer" under all applicable statutes.

## FACTUAL ALLEGATIONS

22. On March 2, 2020, Plaintiff began her employment with Defendant as a Senior Designer with a yearly salary of $100,000.00.

23. Pursuant to her job offer, Plaintiff's role as a Senior Designer was to advance Defendant's design solutions and general new ideas for projects, see **Exhibit 1**, **Job Offer**. Plaintiff was required to carry two to four projects as a Senior Designer.

24. Plaintiff was offered and accepted the position of Senior Designer, however most of the work prescribed to Plaintiff was actually in project management. Additionally, Plaintiff took over the workload from a Project Manager who was availing of family-based leave.

25. Throughout her employment, Plaintiff made it a priority of hers to request design projects and mentorship, and routinely requested individual meetings with a more senior Design Director. Plaintiff expressly requested bi-weekly design mentorship, or a monthly one-to-one meeting with a design director to no avail.

26. And on several occasions Plaintiff emphasized to her supervisors her desire to move out of project management and into the role that she was hired for, to wit Senior Designer.

27. Regardless of the role, Plaintiff consistently met and exceeded all expectations, consistently working upwards of eighty (80) hour workweeks, working on twelve (12) active projects, and overseeing twenty-six (26) projects in total for her team. Plaintiff was an outstanding employee.

28. Plaintiff met the financial goals that was set for the studio that she co-leaded, where the studio was expected to make approximately $1.5 million in new or return accounts. Furthermore, Plaintiff maintained excellent relationships with clients that she was responsible for, and two clients even used Plaintiff's name to account for the return business.

29. Despite her exemplary work performance, Plaintiff suffered from discrimination and retaliation for taking medical leave as a reasonable accommodation for her disability.

30. Since early June 2021, Plaintiff began to suffer anxiety disorder attacks.

31. Plaintiff's mental impairment steadily declined, and she suffered physical manifestations including anxiety and panic attacks, shivering, hyperventilating, crying, rashes, numbness, increased heart rate, dizziness, nausea, and fatigue.

32. Plaintiff's mental impairment resulted from long working hours each week, from a stressful working environment caused by Defendant, and unreasonably intensive workload as her duties were far beyond the duties of a Senior Designer, the position that she was hired for and had accepted.

33. And Plaintiff was not the only employee of Defendant who suffered mental impairment because of the working environment promulgated by Defendant. Employees including junior designers, designers, senior designers, senior project managers, marketing associates,

workplace strategists, and associates left the Company because of the stressful working environment caused by Defendant.

34. Plaintiff's mental impairment substantially limited her major life activities including working and her ability to focus. Plaintiff had difficulty in completing tasks as a result of her ongoing disability.

35. On June 11, 2021, Plaintiff informed Defendant of her disability after struggling to maintain her prescribed workload, working for 70 to 80 hours per week and mostly in the area of project management and not design, which she had been hired for.

36. On June 14, 2021, Plaintiff contacted Defendant's Human Resources and requested information regarding availing of medical leave due to her disability.

37. On June 18, 2021, Plaintiff visited her doctor and was diagnosed with anxiety disorder. The Doctor listed the physical manifestations of her disability and recommended that Plaintiff avail of medical leave from work to recover.

38. On June 21, 2021, Plaintiff provided her doctor's note to Defendant, along with additional paperwork, to request a reasonable accommodation for her disability consisting of medical leave from June 28, 2021, to July 26, 2021.

39. The note from Plaintiff's doctor outlined her present disability, namely, that Plaintiff was unable to maintain social functioning due to excessive worrying, nervousness, difficulty breathing, and chest pain caused by autonomic hyperactivity, as well as other physical manifestations such as anxiety and panic disorder.

40. Furthermore, the note from Plaintiff's doctor specifically stated that her disability limited her ability to perform one or more essential functions of her job, and as a result she would need a temporary leave of absence to enable her to return to work.

41. At this time, Defendant informed Plaintiff that she was, purportedly, not eligible for FMLA, but granted her leave under the ADA.

42. On June 21, 2021, Plaintiff met with her supervisors to discuss her upcoming leave, including workload transition to ensure all projects would be covered during her absence. Additionally, Plaintiff restated her desire to move into the role that she was hired for; a Senior Designer.

43. At this time, Plaintiff told one of her supervisors of the several issues she had experienced in the workplace and how they directly impacted her need to take leave, including egregious workloads, colleagues' mental health struggles because of similar workloads resulting in several direct reports crying in their one-to-one meetings, the toxic work environment other team leads caused, and overall lack of support from leadership to address problems.

44. In response, the supervisor alleged that she had also witnessed the same but could not make any changes. Plaintiff was also informed that the team structure and organization would be changing in the following months, to which Plaintiff expressed her desire to stay a team lead and move towards the design focused role she was hired to do.

45. Her supervisor told Plaintiff that Plaintiff was excelling as a Team Lead and Project Lead.

46. On June 29, 2021, Plaintiff began her medical leave which was to end on July 26, 2021.

47. On July 21, 2021, Plaintiff notified Defendant that, at the request of her doctor, she would need to extend her medical leave an additional week until August 2, 2021.

48. On July 28, 2021, Plaintiff informed one of her supervisors via text she would be returning to work on August 2, 2021.

49. Upon her return, Plaintiff was subjected to discrimination and retaliation immediately because of her disability and protected activities. Plaintiff was met with immediate pushback and subjected to a hostile working environment.

50. On August 2, 2021 (her first day back to work), Plaintiff met with one of her supervisors virtually, and was told that she was not allowed to make any client calls or project meetings until further notice.

51. Plaintiff also learned that during her protected leave, Defendant had revoked all of Plaintiff's Team Lead, Project Director, and Project Lead titles.

52. And stunningly, on August 4, 2021, Plaintiff was told that there were no design opportunities available for her and that there was "no room left" for her at Moser.

53. Plaintiff was also told that she was not qualified to be a Senior Designer, notwithstanding that she was offered that position by Defendant at the beginning of her employment.

54. On August 11, 2021, Defendant further discriminated and retaliated against Plaintiff by demoting Plaintiff and offering two lower-level positions with Moser; one mid-level designer role, and a lower-level Project Manager position, both of which were substantially different positions than her role as a Senior Designer or her prior acting position of Project Lead.

55. After she declined the discriminatory and retaliatory demotion offered by Defendant, Plaintiff's supervisors advised Plaintiff to make the "mature" decision and voluntarily resign from Moser, which Plaintiff refused to do.

56. On August 13, 2021, Defendant terminated Plaintiff as a result of her disability and prior protected activities.

57. At all relevant times, Plaintiff was qualified for her position and could perform the essential duties of her job without or with reasonable accommodation.

58. This Complaint ensues.

## FIRST CAUSE OF ACTION
### (Discrimination in Violation of ADA)

59. Plaintiff hereby repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

60. Defendant is subject to the ADA as an employer with an excess of 15 employees.

61. Plaintiff was disabled within the meaning of the ADA and was otherwise qualified to perform the essential functions of her job with or without reasonable accommodation.

62. Plaintiff's mental impairment substantially limited her daily life activities.

63. Plaintiff suffered adverse employment actions by being subjected to hostile working environment, demoted, and ultimately terminated because of her disability.

64. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in in violation of the ADA, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation, and benefits for which she is entitled to an award of monetary damages and other relief.

65. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

66. Defendant's unlawful and discriminatory conduct in violation of the ADA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

## SECOND CAUSE OF ACTION
### (Retaliation in Violation of ADA)

67. Plaintiff hereby repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

68. Plaintiff participated in a protected activity by requesting a reasonable accommodation for her disability and requesting one-week extension for her original medical leave, and Defendant was aware of this request, as well as her disability.

69. Plaintiff was subjected to a hostile working environment, demoted from her prior position and then terminated from her employment with Plaintiff, and there exists a causal connection between her adverse employment action and her protected requests.

70. As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of the ADA, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation, and benefits for which she is entitled to an award of monetary damages and other relief.

71. As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

72. Defendant's unlawful and retaliatory conduction in violation of the ADA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

### THIRD CAUSE OF ACTION
**(Discrimination in Violation of the NYSHRL)**

73. Plaintiff hereby repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

74. Defendant discriminated against Plaintiff on the basis of her disability by, *inter alia*, substantially changed her employment conditions, demoting her, and then terminating her employment with Defendant.

75. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of NYSHRL, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including but not limited to loss of past and future income, compensation and benefits, for which she is entitled to an award of monetary damages.

76. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of NYSHRL, Plaintiff has suffered and continues to suffer severe mental and anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

77. Defendant's unlawful and discriminatory conduct in violation of the NYSHRL was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

## FOURTH CAUSE OF ACTION
### (Retaliation in Violation of the NYSHRL)

78. Plaintiff hereby repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

79. Requesting a reasonable accommodation in the work-place for a disability constitutes a protected activity as defined in the NYSHRL.

80. Defendant retaliated against Plaintiff in violation of the NYSHRL by, *inter alia*, terminating Plaintiff because of her protected activities.

81. As a direct and proximate results of Defendant's unlawful and retaliatory conduct in violation of the NYSHRL, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including but not limited to, loss of past and future income, compensation, and benefits, for which she is entitled to an award of monetary damages.

82. As a direct and proximate result of Defendants' unlawful and retaliatory conduct in violation of the NYSHRL, Plaintiff has suffered and continues to suffer severe mental anguish and emotion distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, and physical illness and injury, for which she is entitled to an award of monetary damages and other relief.

83. Defendants' unlawful and retaliatory conduct in violation of the NYSHRL was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

## FIFTH CAUSE OF ACTION
### (Discrimination in Violation of the NYCHRL)

84. Plaintiff hereby repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

85. Defendant discriminated against Plaintiff on the basis of her disability by, *inter alia*, terminating Plaintiff.

86. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of NYCHRL, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including but not limited to loss of past and future income, compensation and benefits, for which she is entitled to an award of monetary damages.

87. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of NYCHRL, Plaintiff has suffered and continues to suffer severe mental and anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

88. Defendant's unlawful and discriminatory conduct in violation of the NYCHRL was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

### SIXTH CAUSE OF ACTION
**(Retaliation in Violation of the NYCHRL)**

89. Plaintiff hereby repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

90. Requesting a reasonable accommodation in the workplace for a disability constitutes a protected activity as defined in the NYCHRL.

91. Defendant retaliated against Plaintiff in violation of the NYCHRL by, *inter alia*, terminating Plaintiff because of her protected activities.

92. As a direct and proximate results of Defendant's unlawful and retaliatory conduct in violation of the NYCHRL, Plaintiff has suffered and continues to suffer monetary and/or

economic damages, including but not limited to, loss of past and future income, compensation, and benefits, for which she is entitled to an award of monetary damages.

93. As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of the NYCHRL, Plaintiff has suffered and continues to suffer severe mental anguish and emotion distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, and physical illness and injury, for which she is entitled to an award of monetary damages and other relief.

94. Defendant's unlawful and retaliatory conduct in violation of the NYCHRL was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court enter judgment in her favor and against Defendant, containing the following relief:

A. A declaratory judgment that the actions, conduct, and practices of Defendant complained of herein violate the ADA, NYSHRL, and NYCHRL;

B. An order directing Defendant to place Plaintiff in the position she would have occupied but for Defendants' discriminatory and/or otherwise unlawful conduct, as well as to take such affirmative action, including reinstatement, as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiff;

C. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic damages, including, but not limited to the loss of pass and future income, wages, compensation, job security and other benefits of employment;

D. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages, including, but not limited to, compensation for her mental anguish and emotional distress, humiliation, depression, embarrassment, stress and anxiety, loss of self-esteem self-confidence and personal dignity, emotional pain and suffering and any other physical or mental injuries;

E. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for harm to her professional and personal reputation and loss of career fulfillment;

F. An award of punitive damages, pursuant to ADA, NYSHRL and NYCHRL, in an amount to be determined at trial;

G. An award of damages for any and all other monetary and/or non-monetary damages losses suffered by Plaintiff an amount to be determined at trial, plus prejudgment interest;

H. An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees and costs to the fullest extent permitted by laws; and

I. Such other and further relief as the Court may deem just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury as to all issues so triable.


Dated: July 12, 2022
      New York, New York                      Respectfully submitted,

>DANNY GRACE PLLC
>*ATTORNEYS FOR PLAINTIFF*
>
>225 BROADWAY, SUITE 1200
>NEW YORK, NY 10007
>(516) 748-9848
>
>
>_____/S/_____
>  DANIEL GRACE